*1031
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, without costs.
 

 Petitioner’s application for a grant of Aid to Dependent Children on behalf of her minor son was properly denied by respondents on the ground that petitioner possessed an automobile valued in excess of the statutory and regulatory $1,500 maximum (Omnibus Budget Reconciliation Act of 1981, Pub L 97-35, 42 USC §602 [a] [7] [B]; 45 CFR 233.20 [a] [3]; 18 NYCRR 352.23 [b] [2]). We reject petitioner’s reliance on
 
 Matter of Gunn v Blum
 
 (48 NY2d 58) because under these circumstances, that holding has been superseded by legislation, both Federal and State.
 
 Gunn
 
 was premised on the fact that there was neither "statute [nor] regulation authorizing termination of benefits to an entire family unit based on parental refusal to apply nonessential resources to the support obligation”
 
 (Matter of Gunn v Blum, supra,
 
 at 65, n 4). The passage of the Omnibus Budget Reconciliation Act (Pub L 97-35, 42 USC § 602 [a] [7] [B]) in 1981, with its attendant regulatory amendments, now requires that eligibility for a child within the family unit be determined based upon the family unit’s combined resources, the very statutory framework found lacking in
 
 Gunn (see,
 
 Pub L 97-35, 42 USC § 602 [a] [7] [B]; 45 CFR 233.20 [a] [3]; 18 NYCRR 352.23 [b] [2]).
 

 Petitioner’s State constitutional claim has been considered and rejected
 
 (Matter of Jones v Blum,
 
 64 NY2d 918,
 
 affg for reasons stated
 
 101 AD2d 330;
 
 Matter of Bernstein v Toia,
 
 43 NY2d 437).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment affirmed, without costs, in a memorandum.