■ In the Matter of JESSE HARDMAN, on Behalf of Herself and Her Three Minor Children, Respondent-Appellant, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent, and CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents to recoup payment of a shelter allowance from the petitioner's future grants of public assistance, (1) the respondent Commissioner of the New York State Department of Social Services appeals from an amended judgment of the Supreme Court, Nassau County (Becker, J.), dated January 9, 1987, which, *inter alia,* annulled the respondents' determination and awarded the petitioner attorney's fees and (2) the petitioner cross-appeals from so much of the same amended judgment as limited the award of attorney's fees to the amount of $500.

Ordered that the amended judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner and her children receive public assistance benefits under the AFDC program. Early in the month of January 1986 they were evicted by the landlord, despite having paid rent for the entire month. The next day, the respondent Nassau County Department of Social Services (hereinafter the agency) issued the petitioner an additional shelter allowance for that month to secure new housing. Under the circumstances of this case, we find that it was not arbitrary or capricious for the agency to provide the additional rent as a recoupable advance allowance rather than as a nonrecoupable emergency assistance grant (Social Services Law § 350-j). The State agency is permitted to set eligibility criteria for emergency assistance which are not as broad as those provided under the Social Security Act (42 USC § 606 [e]; *see, Quern v Mandley,* 436 US 725; *cf., Blum v Bacon,* 457 US 132). The applicable State regulation provides that emergency assistance shall not be provided when an advance allowance is available to meet the child's need (18 NYCRR 372.2 [a] [2]).

Although the additional shelter allowance could be recovered from the petitioner's future public assistance grants, the agency's determination to recoup the allowance at a rate of 10% without a concomitant showing of the dependent children's decreased need is violative of public policy and was properly annulled *(see, Matter of Porter v D'Elia,* 135 AD2d 717; Social Services Law § 106-b). The agency is required to

make a case-by-case determination of the recipient's hardship prior to establishing a recoupment rate *(see, Matter of Hairston v D'Elia,* 97 AD2d 410). It is apparent from the record that no such determination was made. The petitioner stated at the hearing that she was required to sign a form consenting to a 10% recoupment rate in order to receive the grant and the caseworker's notes do not reflect any discussion of the effect of such a reduction on the children's needs.

The court properly determined that the petitioner is entitled to an award of attorney's fees *(see, Matter of Porter v D'Elia, supra; Matter of Torres v Perales,* 121 AD2d 386). Furthermore, we find the amount awarded was not an abuse of discretion. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.