■ In the Matter of JUANITA COUCH, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 15, 1986, which, after a fair hearing, denied the petitioner's request for a reduced rate of recoupment from her public assistance grant.

Adjudged that the petition is granted to the extent that (1) the determination is annulled insofar as it denied the petitioner's request for a reduction in the rate of recoupment to 5% of total household needs and directed recoupment "at the rate of ten percent of the household's total needs", and the matter is remitted to the respondents for further proceedings in accordance herewith, and (2) the matter is remitted to the Supreme Court, Suffolk County, for a determination as to counsel fees.

As the respondents concede, the New York State Department of Social Services (hereinafter NYSDSS) erred in concluding that the respondent Commissioner of the Suffolk County Department of Social Services (SCDSS) was entitled to a recoupment from the petitioner's Aid for Dependent Children grant at a rate of 10% without any showing of the dependent children's diminished needs (Matter of Hardman v D'Elia, 141 AD2d 544; Matter of Porter v D'Elia, 135 AD2d 717). Thus, the matter is remitted to the appropriate agency for a de novo determination as to the proper rate of recoupment.

As the petitioner has prevailed in this proceeding to secure a Federally guaranteed right, she is entitled to an award of counsel fees (see, Matter of Porter v D'Elia, supra, at 720; 42 USC §§ 1988, 1983, 601 et seq.). Moreover, the NYSDSS should be responsible for that award since SCDSS was merely effectuating the policies of the NYSDSS (Matter of Unger v Blum, 117 AD2d 607, 608). Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a determination of (1) whether counsel fees should not be awarded because of extraordinary circumstances, and (2) in the event counsel fees are awarded, the amount of such fees (see, Matter of Porter v D'Elia, supra).

In light of the foregoing, we need not reach the petitioner's remaining contentions. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.