(July 23, 1990)

■ Susan Brennin, on Behalf of Her Infant Children, Mark Brennin and Another, et al., Appellants, v Cesar A. Perales, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In an action, *inter alia,* to enjoin the defendants from recouping Aid to Families with Dependent Children overpayments without a determination that the needs of the children receiving such benefits have decreased, the plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Leis, J.), entered February 3, 1988, as denied their motion for summary judgment, granted those branches of the defendants' motions which were for summary judgment dismissing the complaint, and is in favor of the defendants and against them.

Ordered that the order and judgment is affirmed insofar as appeal from, without costs or disbursements.

The plaintiffs, each of whom is the head of an assistance unit receiving Aid to Families with Dependent Children (hereinafter AFDC) benefits, commenced this action in November 1986 on behalf of their minor children and all other similarly situated children in New York seeking, *inter alia,* class certification and injunctive and declaratory relief precluding the defendants from recovering overpayments of AFDC benefits from members of the proposed class without a prior determination that their children's needs for AFDC benefits have decreased. The Supreme Court concluded upon constraint of the Court of Appeals ruling in *Matter of Jessup v D'Elia* (69 NY2d 1030) that the method of recouping overpayments advanced by the plaintiffs was no longer controlling. On the strength of *Jessup* the court held that overpayments of AFDC benefits are to be recouped from the "entire assistance unit". The court granted those branches of the defendants' motions which were for summary judgment dismissing the complaint. We adopt the Supreme Court's findings and affirm.

We stress that the question of whether class action certification was properly granted was not raised as an issue on this appeal. Therefore, we neither consider nor address the propriety of class certification.

The foundation of the plaintiffs' arguments is *Matter of Gunn v Blum* (48 NY2d 58) which held that, in the absence of

an enabling statute or regulation, recoupment of overpayments of AFDC benefits based upon a parent's failure to apply nonessential resources to his or her own support as mandated by the New York State Department of Social Services may not be directed against a child's AFDC grant without an additional determination of a present lack of need on the part of the child. The court reasoned that "in view of the primary goal of the AFDC program, protection of the needy child, any reduction in assistance directed to a dependent child without a corresponding decrease in that child's need, plainly thwarts the purpose of the program" *(Matter of Gunn v Blum, supra,* at 64).

The Supreme Court in the instant case adopted the defendants' contention that *Matter of Jessup v D'Elia* (69 NY2d 1030, *supra)* overruled *Matter of Gunn v Blum (supra)* and its progeny. *Matter of Jessup v D'Elia (supra,* at 1031), held that "passage of the Omnibus Budget Reconciliation Act [OBRA] (Pub L 97-35, 42 USC § 602 [a] [7] [B]) in 1981, with its attendant regulatory amendments, now requires that [AFDC] eligibility for a child within the family unit be determined based upon the family unit's combined resources".

The plaintiffs draw a distinction between eligibility cases and recoupment cases. They rely upon the post-Jessup decision of this court in *Matter of Porter v D'Elia* (135 AD2d 717), which held the *Gunn* rationale to be viable in recoupment cases. In *Porter,* we held that the Omnibus Budget Reconciliation Act (hereinafter OBRA) which directs the State to take all reasonable steps necessary to promptly correct any overpayment of public assistance, did not eliminate the rule enunciated in *Gunn* that a child's AFDC grant cannot be reduced absent a decrease in the child's need. Reduction of a child's AFDC grant without a corresponding showing of the child's diminished needs was held to contravene public policy *(see, Matter of Porter v D'Elia, supra,* at 720). Without explicitly drawing a distinction between cases involving a termination or reduction of benefits and those seeking to establish eligibility for AFDC benefits, this court in *Porter* implicitly distinguished eligibility cases when it held that *Jessup* did not apply to the circumstances of that case, where recoupment was sought. Relying on stare decisis, this court has adhered to the *Porter* decision in subsequent cases involving recoupment of AFDC overpayments *(see, Matter of Couch v Perales,* 150 AD2d 683; *Matter of Hardman v D'Elia,* 141 AD2d 544).

The defendants ask this court to reconsider and overrule its decision in *Porter* and by extension its progeny. They claim

that the *Porter* decision is inconsistent with the Court of Appeals ruling in *Jessup* as well as with State and Federal statutes and regulations.

Although due deference should be accorded the doctrine of stare decisis in order to promote consistency and stability in the decisional law, we should not blindly follow an earlier ruling which has been demonstrated to be unsound simply out of respect for that doctrine. Moreover, we should not mechanically adhere to an errant ruling just because of its recency *(see, People v Hobson,* 39 NY2d 479, 487). Conversely, we are cognizant of the overriding importance of judicial restraint in declining to follow precedent.

Bearing these principles in mind, we are persuaded that a departure from the ruling in *Porter* is appropriate and *Porter* and its progeny are hereby overruled. The distinction between eligibility cases and recoupment cases underlying the *Porter* decision was not recognized in the *Jessup* case. In fact, the *Jessup* court held that the principles enunciated in the *Gunn* case, which was a recoupment case, had been superseded by legislation, and that OBRA "with its attendant regulatory amendments" *(Matter of Jessup v D'Elia, supra,* at 1031) provided the statutory framework for predicating eligibility for AFDC benefits upon a family's combined resources, "the very framework found lacking in *Gunn*". Thus, the *Jessup* court implicitly rejected the drawing of any such distinction. Notwithstanding the *Jessup* court's failure to specifically overrule *Gunn*, the continued viability of the *Gunn* decision has at the very least been seriously called into question. Even the plaintiffs on this appeal seem to accept that *Gunn* has been put to rest. It makes no logical sense to permit a child's AFDC grant to be considered as a separate unit in recoupment cases while mandating that the combined resources of the entire assistance unit be considered in eligibility cases. Accordingly, we affirm the dismissal of the complaint.

In reaching this determination, we reject the defendants' contention that the Federal mandate to *"take all reasonable steps necessary* to promptly correct any overpayment" (45 CFR 233.20 [a] [13] [i] [A] [emphasis supplied]) eliminates the requirement of Social Services Law § 106-b that procedures for correcting overpayments be designed to minimize adverse impact on the recipient and avoid undue hardship.

We have examined the plaintiffs' remaining claims and find them to be without merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.