*600 OPINION OF THE COURT
Alexander, J.
Petitioner challenges a determination by the respondent, Commissioner of the New York State Department of Social Services, pursuant to which her family’s Aid to Families with Dependent Children (AFDC) grant was temporarily reduced by 10% in order to recoup an overpayment previously made. She contends that 42 USC § 602 (a) (22) and corresponding Federal regulation 45 CFR 233.20 (a) (13), as well as Social Services Law § 106-b and article XVII, § 1 of the NY Constitution, permit the Commissioner to recoup the overpayment only from her pro rata share of the AFDC grant and prohibit recoupment of the overpayment from the entire assistance unit which includes her minor children, unless there has been a prior demonstration that the needs of the children have also diminished. She also claims entitlement to attorney’s fees pursuant to 42 USC § 1988 because the reduction in the family’s AFDC benefits constitutes a violation of 42 USC § 602 (a) (22), cognizable under 42 USC § 1983.
We find nothing in 42 USC § 602 (a) (22), 45 CFR 233.20 (a) (13), Social Services Law § 106-b or in article XVII, § 1 of the NY Constitution which requires that recoupment of an AFDC overpayment only be made from the proportionate share of the individual recipient, rather than from the grant to the family unit. Nor is there any requirement that there must be a prior determination that the needs of the children of a family unit have diminished before such recoupment can be made from the grant to that family unit. Thus, we conclude that petitioner’s challenges should be rejected and there should be an affirmance of the judgment of the Appellate Division.
I
Petitioner and her six minor children receive AFDC benefits totaling $1,087 per month from the Suffolk County Department of Social Services. In January 1988, the county agency, pursuant to 18 NYCRR 352.31 (d) (2), reduced petitioner’s household AFDC grant by 10% in order to recover an emergency utility payment of $336.86 previously made on her behalf to the Long Island Lighting Company to prevent the termination of utility service. Petitioner demanded and received a fair hearing to review the agency’s determination, contending that the imposition of the 10% recoupment rate *601 reduced her grant to a level so inadequate as to cause undue hardship. Respondent concluded, however, that she failed to substantiate her claim of undue hardship and affirmed Suffolk County’s determination to reduce the AFDC grant by 10% until the entire overpayment was recovered.
This CPLR article 78 proceeding ensued. Upon transfer to the Appellate Division (CPLR 7804), that court confirmed respondent’s determination and dismissed the proceeding. We granted petitioner leave to appeal.
II
We briefly review the Federal and State statutes pertaining to AFDC grants in order to place in perspective the issue presented on this appeal. In 1935, Congress enacted the AFDC program as part of the Social Security Act to provide financial assistance to dependent children and their caregivers (42 USC § 601 et seq.). The program, a joint Federal and State undertaking, has as its express primary purpose, the provision of financial assistance to families with needy children. As noted by the Supreme Court in Wyman v James (400 US 309), "[t]he public’s interest in this particular segment of the area of assistance to the unfortunate is protection and aid for the dependent child whose family requires such aid for that child. The focus is on the child and, further, it is on the child who is dependent * * * The dependent child’s needs are paramount” (id., at 318 [emphasis in original]).
When the program was initiated and for many years thereafter, no requirement was imposed upon participating States to recoup any overpayment of benefits made to individuals or family units; rather the decision to recoup overpayments was left to the discretion of the participating State. In 1974, the New York Legislature enacted Social Services Law § 106-b authorizing social services officials to recoup an overpayment by reducing the monthly public assistance grant, but did not make recoupment mandatory.
In 1981, as part of the Omnibus Budget Reconciliation Act (OBRA) (Pub L 97-35), Congress amended the Social Security Act to mandate that States participating in the AFDC program promptly "take all necessary steps” to recoup any overpayment to an individual AFDC recipient by recovering the overpayment from the individual or "by reducing the amount of any future aid payable to the family of which [the individual] is a member” (42 USC § 602 [a] [22] [A]). Recoup *602 ment in any one month was limited, however, to not more than 10% of the total AFDC grant payable to the family unit.[1]
Following the enactment of OBRA, the New York State Legislature amended Social Services Law § 106-b to require officials, in accordance with OBRA and corresponding Federal regulations, to "take all necessary steps to correct any overpayment or underpayment to a public assistance recipient” (Social Services Law § 106-b).[2] The Legislature required, however, that regulations and procedures promulgated by the State Social Services Commissioner for correcting any overpayment minimize the adverse impact on the AFDC recipient so as "to the extent possible avoid undue hardship” (id,.).
ra
Petitioner contends that 42 USC § 602 (a) (22) is ambiguous because it is subject to two interpretations — one which permits recoupment by reducing the entire household AFDC grant, including the portion attributable to the children, and *603 the other limiting recoupment to the overpaid individual’s proportionate share. Because the AFDC benefit increases incrementally with family size, the presence of the parent or overpaid individual results in a proportionate increase in the entire family benefit; thus, the State should, in the first instance, recoup the overpayment from that person’s pro rata share, not from the grant to the entire family unit. If recoupment is to be made from the grant to the family unit, however, there must be a prior demonstration that the needs of the children in that family unit have diminished so that the recoupment will not impose any hardship on the children. Requiring the State to recoup an overpayment only from the parent’s or overpaid individual’s pro rata share is consistent with the initial congressional intent in designing the AFDC program — to protect dependent children by assisting the parents or other relatives of these dependent children to attain the capacity for maximum self-support and personal independence, thereby strengthening family life.
We find no ambiguity in the statute and thus have no occasion to resort to an examination of Congress’ intent (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557; McKinney’s Cons Laws of NY, Book 1, Statutes §76).
OBRA requires a participating State to take all necessary steps to correct any overpayment (42 USC § 602 [a] [22]). Although a State is given the option to obtain the entire sum from the individual receiving the overpayment or to reduce the amount of aid payable to the family or "assistance unit” at a rate of recovery not exceeding 10% of the monthly grant, nothing in the language of the statute requires a State to recoup the overpayment from the pro rata share of the overpaid individual in the first instance nor is a State required to demonstrate, before recouping the overpayment from the family unit, that the needs of the child or children have diminished.
Petitioner further contends that to construe the provisions of OBRA to not require a prior determination that the needs of her children have diminished before assessing the recoupment against the family unit, in effect, revives the "sins of the parent” doctrine rejected by this Court in Matter of Gunn v Blum (48 NY2d 58) and ignores the "diminished needs” doctrine articulated in that case. This contention likewise, is without merit.
*604 In Matter of Gunn v Blum (48 NY2d 58, supra), we declined to permit the discontinuance or reduction of AFDC grants to dependent children because of their parents’ refusal to comply with Department of Social Services instructions to dispose of their nonessential assets, in the absence of a demonstration of lack of need (id., at 61). Consequently, we held that "without an additional determination of a present lack of need on the part of the children it was error to discontinue assistance to them” (id., at 62).
However, following the enactment of OBRA, in Matter of Jessup v D’Elia (69 NY2d 1030) we considered whether an AFDC grant on behalf of petitioner’s minor son was "properly denied * * * on the ground that petitioner possessed an automobile valued in excess of the statutory and regulatory $1,500 maximum” (id., at 1031).[3] We upheld the Commissioner’s denial of AFDC benefits, rejecting petitioner’s reliance on Gunn. We particularly noted the pertinent statute and regulations then in existence — the very statutory framework found lacking in Gunn — required that the family unit’s combined resources be considered in determining the eligibility of a child within the family (id., at 1031). Thus, we concluded that the holding in Gunn had been superseded by the provisions of OBRA (see, 42 USC § 602 [a] [7] [B]; 45 CFR 233.20 [a] [3]; 18 NYCRR 352.23 [b] [2]).
Petitioner would distinguish our holding in Jessup on the basis that there we considered the petitioner’s eligibility for an AFDC grant on behalf of her son, whereas here, the issue concerns the reduction of an AFDC grant to children who are in fact needy and whose eligibility has already been determined. This distinction is without legal significance and thus, is unavailing. As was noted by the Appellate Division in Brennin v Perales (163 AD2d 560), overruling Matter of Porter v D’Elia (135 AD2d 717), "[i]t makes no logical sense to permit a child’s AFDC grant to be considered as a separate unit in recoupment cases while mandating that the combined resources of the entire assistance unit be considered in eligibility cases” (id., at 562). We agree with this observation by the Brennin court and conclude that recoupment of overpayments may be applied against the AFDC grant to the family unit, including that share attributable to the children in that unit, without the need for a prior determination that their needs *605 have diminished. Nor must the recoupment be applied only to the pro rata share of the individual.[4]
IV
 Petitioner’s challenges based on State statutory and constitutional grounds are essentially the same as those made with respect to the Federal legislation and are equally unavailing. We find no violation of either article XVII, § 1 of the NY Constitution[5] or Social Services Law § 106-b. The recoupment method adopted by respondent does not run afoul of the constitutional declaration and mandate that "[t]he aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine” (NY Const, art XVII, § 1). Nor does it violate the provisions of Social Services Law § 106-b which require that in taking "all necessary steps to correct any overpayment or underpayment to a public assistance recipient” the Commissioner must establish procedures for correcting overpayments that are "designed to minimize adverse impact on the recipient, and to the extent possible avoid undue hardship” (Social Services Law § 106-b).
In implementation of the mandate of Social Services Law § 106-b, respondent promulgated a regulation (18 NYCRR 352.31 [d] [2]), which permits a recoupment rate of only 5% in cases where it is established that a 10% rate would produce undue hardship. Petitioner’s argument, that this regulation is inconsistent with the mandate of Social Services Law § 106-b because it does not guarantee that in every case recoupment will "minimize adverse impact” and "avoid undue hardship” since the regulation does not require a prior showing that the needs of the children are diminished, is without merit.
Social Services Law § 106-b does not require respondent to guarantee that there will be no undue hardship in all cases; *606 rather, consistent with 42 USC § 602 (a) (22), it requires that the procedures be designed to minimize adverse impact and to the extent possible avoid undue hardship. This regulation, which permits recoupment from the overpaid assistance unit at a rate of 5% rather than 10%, where undue hardship would otherwise result, is consistent with and appropriately effectuates the statutory requirement to minimize the adverse impact of such recoupment.
Moreover, 18 NYCRR 352.31 (d) (2) imposes on the grant recipient the burden of claiming and substantiating a claim of undue hardship in order to be entitled to an application of the lower recoupment rate. Petitioner was provided an opportunity to establish her undue hardship claim at the fair hearing. Respondent’s determination that she failed to meet her burden was found by the Appellate Division to be supported by substantial evidence in the record. We agree, and thus conclude that Social Services Law § 106-b and 18 NYCRR 352.31 (d) (2) were not violated by respondent imposing a recoupment rate of 10% against the family unit without having first determined that the needs of the children have diminished.
Petitioner’s State constitutional challenge is equally without merit. Her reliance upon this Court’s decision in Tucker v Toia (43 NY2d 1) is misplaced because that case is wholly inapposite. The statute at issue there effectively denied public assistance to children who had met all the criteria developed by the Legislature for determining need, solely on the ground that they had not obtained a final disposition in a support proceeding. We held the statute unconstitutional because it violated the State’s obligation to provide for the needy. Here, there has not been a denial of aid to petitioner and her needy children; rather, only a temporary reduction in that aid has been imposed in order to recover an overpayment as required by applicable Federal and State statutes and regulations. There has been no violation of the State Constitution (see, Matter of Bernstein v Toia, 43 NY2d 437, 449). .
Finally, inasmuch as that there has been no violation of 42 USC § 602 (a) (22), petitioner is not entitled to an award of attorney’s fees pursuant to 42 USC § 1988.
*607 Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, without costs.

. 42 USC § 602 (a), in pertinent part, requires that a State plan for aid and services to families with children must
"(22) provide that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan, and, in the case of—
"(A) an overpayment to an individual who is a current recipient of such aid * * * recovery will be made by repayment by the individual or by reducing the amount of any future aid payable to the family of which he is a member, except that such recovery shall not result in the reduction of aid payable for any month, such that the aid, when added to such family’s liquid resources and to its income * * * is less than 90 percent of the amount payable under the State plan to a family of the same composition with no other income”.

. Social Services Law § 106-b now provides:
"Any inconsistent provision of law notwithstanding, a social services official shall, in accordance with the regulations of the department and consistent with federal law and regulations, take all necessary steps to correct any overpayment or underpayment to a public assistance recipient * * * For purposes of this section, overpayment shall include payments made to an eligible person in excess of his needs as defined in this chapter and payments made to ineligible persons (including payments made to such persons pending a fair hearing decision). The commissioner shall promulgate regulations to implement procedures for correcting overpayments and underpayments. The procedures for correcting overpayments shall be designed to minimize adverse impact on the recipient, and to the extent possible avoid undue hardship.”

. The statutory and regulatory provisions involved in that case were 42 USC § 602 (a) (7) (B), 45 CFR 233.20 (a) (3) and 18 NYCRR 352.23 (b) (2).

. [1] Our analysis of the provisions of 42 USC § 602 (a) (22) applies equally to the challenged regulation, 45 CFR 233.20 (a) (13), which as petitioner concedes, mirrors the Federal statute.

. Respondent contends that the State constitutional issue is unpreserved for our review because it was abandoned at the Appellate Division. It is clear, however, that the constitutional claim was properly raised in the trial court and thus, may be considered in this Court (see, Matter of Seitelman v Lavine, 36 NY2d 165, 170, n 2; see also, Cohen and Karger, Powers of the New York Court of Appeals § 161, at 624, n 1).