■ In the Matter of KATERINA MEDVEDEV et al., Petitioners, v BRIAN WING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [671 NYS2d 806] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondent State Commissioner of Social Services which denied petitioners' request for continuance of their public assistance benefits.

Petitioners currently reside in Broome County with their seven children. From March 1995 until October 1996, petitioners received public assistance benefits from the Broome County Department of Social Services. In the spring of 1996, the Department notified petitioners that they would have to participate in an identity verification procedure known as finger imaging in order to remain eligible for benefits.* Petitioners refused due to their religious beliefs explaining that, upon their understanding of the Book of Revelations, submitting to computerized finger imaging would require them to betray their Lord Jesus Christ because the computer was the "apparatus through which the beast will set his seal on people". A fair hearing was subsequently held to determine whether petitioners' benefits should be terminated. Following the hearing, the Department determined that petitioners had failed to establish "good cause" (see, 18 NYCRR 351.26 [a], [b]) for refusing to comply with the finger imaging procedure and, therefore, terminated their benefits. This CPLR article 78 proceeding ensued.

We confirm. This case is strikingly similar to the circumstances presented in *Matter of Buchanan v Wing* (245 AD2d 634), in which we upheld the Department's termination of public assistance benefits to recipients who claimed that submission to computerized finger imaging was against their religious convictions insofar as it would brand them with the "mark of the beast". Inasmuch as petitioners in this case have not presented any evidence more compelling than the petitioners in *Matter of Buchanan v Wing* (*supra*), and the Department has again demonstrated that the contemplated procedure does not entail the use of lasers or other invasive technology, we must

---

* Finger imaging is done via a computer that "electronically takes fingerprints of index fingers on both hands of recipients using a computerized video imag[ing] process" (*Matter of Buchanan v Wing*, 245 AD2d 634, n 1).

conclude that the Department's termination of benefits based upon petitioners' failure to show "good cause" for noncompliance with the finger imaging procedure is rational.

Petitioners' constitutional claims are likewise without merit. In *Matter of Buchanan v Wing* (*supra*, at 636), we considered and rejected claims that the computerized finger imaging procedure utilized by the Department infringes upon the freedom of religion (*see*, US Const 1st Amend; NY Const, art 1, § 3), is contrary to the State's obligation to provide for the care of the needy (*see*, NY Const, art XVII, § 1) and violates the constitutional rights of the recipients' children. Petitioners' additional claim that the procedure violates their rights under 42 USC § 1983 has been considered and found to be unpersuasive.

Mikoll, Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.