[723 NYS2d 783]

In the Matter of ARTHUR T. FARBER, Respondent, v CITY OF UTICA et al., Appellants.

Fourth Department, May 2, 2001

APPEARANCES OF COUNSEL

*Joseph Hobika, Corporation Counsel* of City of Utica (*Charles N. Brown* of counsel), for appellants.

*Mark A. Wolber,* Utica, for respondent.

OPINION OF THE COURT

SCUDDER, J.

Respondents appeal from a judgment granting the petition seeking to compel respondents to recalculate the amount of benefits paid to petitioner pursuant to General Municipal Law § 207-a (2) and dismissing the counterclaim. Petitioner, a former firefighter for respondent City of Utica (City), receives a disability pension (*see,* Retirement and Social Security Law § 363-c [b] [1]) to which has been added a "supplemental retirement allowance" pursuant to Retirement and Social Security Law § 78. Pursuant to General Municipal Law § 207-a (2), the City is obligated to pay petitioner section 207-a benefits, i.e., the difference between the disability retirement benefit paid pursuant to Retirement and Social Security Law § 363-c and the salary or wages of active firefighters, including prospective salary increases (*see, Matter of Mashnouk v Miles,* 55 NY2d 80, 88). The difference is calculated using the "zero option" retirement allowance, the maximum retirement allowance available to retirees, regardless of whether the retiree exercises that option (*see, Harzinski v Village of Endicott,* 57 NY2d 614, 617).

Here, respondents calculated the section 207-a benefits by adding petitioner's annual zero option disability retirement benefit of $11,062 and the annual supplemental retirement allowance of $1,726, and then determining the difference between that total and the salaries or wages of active firefighters. Respondents contend that petitioner would receive more in the combination of retirement benefits and section 207-a benefits than active firefighters receive for salary or wages and that the City therefore is justified in reducing the amount of section 207-a benefits accordingly.

We conclude that Supreme Court properly granted the petition and dismissed the counterclaim because there is no statutory authority for the City to reduce the amount of section 207-a benefits by the amount of the supplemental retirement allowance. Retirement and Social Security Law § 78, providing for the supplemental retirement allowance, has been amended several times since the enactment of General Municipal Law § 207-a in its present version, and section 78 is silent with re-

spect to those retirees also receiving section 207-a benefits. Thus, we conclude that the Legislature intended that those retirees receive the supplemental retirement allowance (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 74). In the absence of express statutory authority otherwise, respondents may not reduce the amount of the section 207-a benefit by the amount of the supplemental retirement allowance. Accordingly, we conclude that the judgment should be affirmed.

PIGOTT, JR., P. J., PINE, HAYES and LAWTON, JJ., concur.

Judgment unanimously affirmed, without costs.