■ In the Matter of DANIEL HENOPP, Petitioner, v BRIAN J. WING, as Commissioner of New York State Office of Temporary and Disability Assistance, et al., Respondents. [723 NYS2d 925] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination that petitioner willfully and without good cause failed to attend a "Pathways" meeting that was required as a condition of his receipt of public assistance benefits is supported by substantial evidence (*see, Matter of Botting v Wing*, 261 AD2d 901; *Matter of McIntosh v Wing*, 256 AD2d 1246; *Matter of Poole v Wing*, 256 AD2d 1217; *Matter of Sutton v Wing*, 249 AD2d 945; *Matter of Vicari v Wing*, 244 AD2d 974; *see generally*, Social Services Law § 342; 18 NYCRR 351.20, 351.21, 351.22 [b]; 351.26). Petitioner's public assistance benefits therefore were properly discontinued (*see*, Social Services Law § 131 [5]). In light of the valid legislation premising the eligibility of children within a family unit upon the eligibility of the entire household, we reject the contention of petitioner that the discontinuance of public assistance benefits to the entire family unit infringes upon the constitutional rights of his children (who, in any event, are not named petitioners) (*see, Matter of Buchanan v Wing*, 245 AD2d 634, 636-637, *appeal dismissed* 91 NY2d 955;

*see also, Matter of Jessup v D'Elia,* 69 NY2d 1030, 1031). We note, however, that respondent Commissioner of the New York State Office of Temporary and Disability Assistance properly reversed the determination of the Oswego County Department of Social Services to discontinue the medical assistance and food stamps benefits of petitioner's household, and ordered the agency to continue to provide those benefits in accordance with the household's verified degree of need. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oswego County, Nicholson, J.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.