Appeal from an order of Supreme Court, Oneida County (Ringrose, J.), entered June 3, 2002, which dismissed the counterclaim.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the counterclaim is reinstated and the matter is remitted to Supreme Court, Oneida County, for further proceedings on the counterclaim.
Memorandum: Petitioner, a disabled firefighter receiving disability retirement benefits pursuant to General Municipal Law § 207-a (2), commenced this proceeding seeking in effect to prevent respondents, the City of Utica and its Employee Benefits Coordinator (collectively, City), from reducing those benefits by the amount of supplemental retirement benefits petitioner received pursuant to Retirement and Social Security Law § 378. The City asserted a counterclaim for recoupment of alleged overpayments to petitioner. Supreme Court granted the petition and dismissed the counterclaim, and on a prior appeal this Court affirmed the judgment (Matter of Farber v City of Utica, 282 AD2d 39 [2001]). The Court of Appeals thereafter reversed our order, dismissing the petition and reinstating the counterclaim, and the Court remitted the matter to Supreme Court for further proceedings on the counterclaim (Matter of Farber v City of Utica, 97 NY2d 476, 480-481 [2002]). On remittal, Supreme Court dismissed the counterclaim, and this appeal ensued.
We reverse. Although we reject the City’s contention that it would be “against equity and good conscience to permit the [petitioner] to retain what is sought to be recovered” (Para *943 mount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972], mot to amend remittitur granted 31 NY2d 678 [1972], rearg denied 31 NY2d 709 [1972], cert denied 414 US 829 [1973]), we nevertheless conclude that the City is entitled to recoup those funds. The City has a “common-law right of action ... to recover an overpayment of governmental moneys” (Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33 [1984]), and we therefore reject petitioner’s contention that the City should be estopped from recovering such funds herein. “[T]he severely limited recognition of estoppel as a defense to an action for recoupment stems not from the thought that the recipient of an overpayment may not have equities in his . . . favor, but from considerations of sovereign immunity, protection of the public fisc, and separation of powers . . ., leading to the conclusion that it is better that the recipient ‘should now and then suffer by such mistakes, than to introduce a rule against the abuse of which ... it would be very difficult for the public to protect itself ” (id. at 34; see generally Matter of Schwartfigure v Hartnett, 83 NY2d 296, 300-301 [1994]; Matter of Couch v Perales, 78 NY2d 595, 601-602 [1991]). We therefore reverse the order, reinstate the counterclaim and remit the matter to Supreme Court, Oneida County, for further proceedings on the counterclaim. Present — Green, J.E, Wisner, Scudder, Gorski and Lawton, JJ.