OPINION OF THE COURT
In Harzinski v Village of Endicott: On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [b]), order modified, with costs to appellants, to the extent of reinstating the provision of the order of Supreme Court, Broome County, declaring that plaintiffs are entitled to salary increases given to active firemen and, as so modified, affirmed. Appellants, disabled firemen, are entitled to salary increases where, as here, such increases were negotiated after the award of the disability allowance (Matter of Mashnouk v Miles, 55 NY2d 80). We agree with the Appellate Division, however, that the benefit should be computed using the “zero option” retirement allowance inasmuch as “amounts received” includes the package of benefits received by the firemen upon retirement. Finally, we find appellants’ constitutional arguments to be unavailing.
In Russo v City of Binghamton: On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [b]), order modified, with costs to appellants, by granting plaintiffs’ motion for partial summary judgment to the extent of declaring that plaintiffs are entitled to salary increases granted to active firemen and, as so modified, affirmed. Appellants, disabled firemen, are entitled to salary increases where, as here, *618 such increases were negotiated after the award of the disability allowance (Matter of Mashnouk v Miles, 55 NY2d 80). We agree with the Appellate Division, however, that the benefit should be computed using the “zero option” retirement allowance inasmuch as “amounts received” includes the package of benefits received by the firemen upon retirement. Finally, we find appellants’ constitutional arguments to be unavailing.
Concur: Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer. Taking no part: Judge Gabrielli.