■ In the Matter of JOSEPH AITKEN et al., Respondents, v CITY OF MOUNT VERNON, Appellant. [606 NYS2d 755] —In a proceeding pursuant to CPLR article 78 to compel the City of Mount Vernon to pay the petitioners longevity pay, the appeal is from a judgment of the Supreme Court, Westchester County (LaCava, J.), dated May 28, 1991, which directed the appellant to pay to each of the petitioners the full amount of their regular salary and wages under General Municipal Law § 207 (a) (2), including longevity pay.

Ordered that the judgment is affirmed, with costs.

The petitioners were firefighters employed by the City of

Mount Vernon who had become disabled as a result of injuries sustained in the performance of their duties and, consequently, were receiving their "regular salary or wages" pursuant to General Municipal Law § 207-a (2). The petitioners claimed that they were entitled to longevity pay increases as part of their "regular salary or wages". The collective bargaining agreement between the city and the petitioners' union provided for rate increases after a firefighter had been employed a certain number of years. The city denied the petitioners' request and the petitioners commenced the instant proceeding. The Supreme Court held that longevity pay was part of the petitioners' "regular salary or wages" and ordered the city to pay each petitioner full benefits including longevity pay. We agree.

The Court of Appeals has held that the phrase "regular salary or wages", as employed in General Municipal Law § 207-a (2), "includes prospective salary increases given to active fire fighters subsequent to the award of an accidental disability retirement allowance or pension" *(Matter of Mashnouk v Miles,* 55 NY2d 80, 88). Other courts have repeatedly held that the term "regular salary or wages" includes any subsequent raises in salary given to active firefighters in the same grade or title held by the injured firefighter at the time of the injury *(see, Matter of Drahos v Village of Johnson City,* 80 AD2d 106; *Pease v Colucci,* 59 AD2d 233; *Matter of Barber v Lupton,* 282 App Div 1008, *affd* 307 NY 770; *Matter of Birmingham v Mirrington,* 284 App Div 721). Moreover, an Opinion of the State Comptroller has specifically concluded that a disabled retired firefighter receiving payments pursuant to General Municipal Law § 207-a (2) is entitled to longevity salary increments (1991 Opns St Comp No. 91-25). Accordingly, we find that longevity pay constitutes "regular salary or wages" under General Municipal Law § 207-a (2) and the petitioners are entitled to such increases. Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.