■ In the Matter of SANDI SCHADE, Respondent, v TOWN OF WALLKILL et al., Appellants. [652 NYS2d 756] —In a proceeding pursuant to CPLR article 78 to compel the respondents to pay to the petitioner three-year longevity salary increments retroactive to June 18, 1995, the appeal is from a judgment of the Supreme Court, Orange County (Sherwood, J.), entered November 29, 1995, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In *Matter of Aitken v City of Mount Vernon* (200 AD2d 667, 668), this Court stated that: "The Court of Appeals has held that the phrase 'regular salary or wages', as employed in General Municipal Law § 207-a (2), '*includes prospective salary increases given to active* fire fighters subsequent to the award

of an accidental disability retirement allowance or pension' *(Matter of Mashnouk v Miles,* 55 NY2d 80, 88). Other courts have repeatedly held that the term 'regular salary or wages' includes any subsequent raises in salary given to active firefighters in the same grade or title held by the injured firefighter at the time of the injury *(see, Matter of Drahos v Village of Johnson City,* 80 AD2d 106; *Pease v Colucci,* 59 AD2d 233; *Matter of Barber v Lupton,* 282 App Div 1008, *affd* 307 NY 770; *Matter of Birmingham v Mirrington,* 284 App Div 721). Moreover, an Opinion of the State Comptroller has specifically concluded that a disabled retired firefighter receiving payments pursuant to General Municipal Law § 207-a (2) is entitled to longevity salary increments (1991 Opns St Comp No. 91-25)" (emphasis supplied).

Although General Municipal Law § 207-a applies to firefighters and section 207-c applies to police officers, this Court has recognized that both statutes are remedial in nature and were enacted for the benefit of law enforcement personnel and firefighters injured and disabled in the line of duty and that the rationale behind their respective applications is the same *(see, Matter of Fedorczak v Dolce,* 202 AD2d 668, 669). As such, the Supreme Court properly granted the petitioner longevity step increments.

There is no merit to the appellants' further contention that the petitioner failed to exhaust her administrative remedies. The claim of entitlement to longevity payments stemmed not from the provisions of the collective bargaining agreement, but rather, from the appellants' alleged wrongful failure to pay statutory benefits pursuant to General Municipal Law § 207-c *(see, Matter of County of Dutchess [Bridgman],* 144 AD2d 463; *Matter of County of Schenectady [Kelleher],* 134 AD2d 127, 129). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.