OPINION OF THE COURT
 

 Ciparick, J.
 

 On this appeal we are asked to determine a municipality’s retirement payment obligation under General Municipal Law
 
 *478
 
 § 207-a. More precisely, the issue is whether the phrase “amounts received,” in section 207-a (2) of the General Municipal Law, includes both base pension benefits and supplemental entitlements received pursuant to the Retirement and Social Security Law. We hold that it does.
 

 Arthur T. Farber is a retired City of Utica firefighter. He was hired in March 1973 and in May 1973 was seriously injured in the line of duty while fighting a fire. The injury left Farber permanently disabled and on October 18, 1980, the City involuntarily retired him. Consequently, Farber receives disability retirement benefits from three distinct statutory sources.
 

 Pursuant to Retirement and Social Security Law § 363-c, he receives an annual disability pension from the New York State Retirement System. Pursuant to General Municipal Law § 207-a, he also receives from the City the difference between the State disability pension and the salary of active firefighters.
 

 This appeal centers on the third statutory source of Farber’s benefits. Pursuant to Retirement and Social Security Law § 378, Farber receives a supplemental allowance from the State.
 
 [1]
 
 Originally, the amount of this supplemental retirement allowance was $431 annually
 
 (see
 
 L 1988, ch 8). In 1995, the amount was increased to $1,117
 
 (see
 
 L 1995, ch 119), and in 1998, it was again increased, to $1,726
 
 (see
 
 L 1998, ch 390). After the third increase, the City became aware of the supplemental allowance and sought both to decrease its payments under General Municipal Law § 207-a and to recoup past overpayments. The City notified Farber that it was including the $1,726 State supplemental allowance as part of Farber’s State disability pension, thereby reducing its own payments to Farber under section 207-a in the amount of the supplemental allowance.
 

 Farber commenced a CPLR article 78 proceeding to compel the City to recalculate its obligation under General Municipal Law § 207-a. The City counterclaimed seeking reimbursement for alleged overpayments. Supreme Court granted Farber’s petition and denied the City’s counterclaim and the City
 
 *479
 
 appealed. The Appellate Division unanimously affirmed, holding that “there is no statutory authority for the City to reduce the amount of section 207-a benefits by the amount of the supplemental retirement allowance” (282 AD2d 39, 40 [4th Dept 2001]). We now reverse.
 

 In 1977, the Legislature amended General Municipal Law § 207-a, effecting dramatic changes in the statutory framework governing firefighters’ disability and pension payments (L 1977, ch 965). The amendment sought to “substantially reduce the financial burden of municipalities with respect to payments to disabled fire [fighters] and * * * allow funds presently used for such payments to be used to hire able fire [fighters] and thereby increase the level of fire protection in municipalities throughout the State” (Governor’s Mem approving L 1977, ch 965, 1977 McKinney’s Session Laws of NY, at 2543).
 

 The 1977 amendment, however, only partially relieved municipalities of their burden. The City’s statutory obligation guarantees a pensioner the “full amount of * * * regular salary or wages” (General Municipal Law § 207-a [1]). If a firefighter is granted “an accidental disability retirement allowance,” pursuant to Retirement and Social Security Law §§ 363, 363-c or similar accidental disability pension, however, the City is liable only for “the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages” (General Municipal Law § 207-a [2]).
 

 In
 
 Matter of Mashnouk v Miles
 
 (55 NY2d 80, 88 [1982]), this Court held that the phrase “ ‘regular salary or wages’ * * * includes prospective salary increases given to active fire fighters subsequent to the award of an accidental disability retirement allowance or pension.” Therefore, the amount of a pensioner’s regular salary or wages is calculated based on the current salary of an active firefighter at the same grade the pensioner held upon retirement.
 

 The City’s payment obligation is determined by calculating the total “amounts received” by the pensioner relative to a retiree’s “allowance or pension” (General Municipal Law § 207-a; Retirement and Social Security Law § 363-c). The phrase “allowance or pension” refers specifically and exclusively to “an accidental disability allowance pursuant to section three hundred sixty-three, * * * three hundred sixty three-c * * * or similar accidental disability pension” (General Municipal Law § 207-a [2]). The City’s obligation must therefore be calculated
 
 *480
 
 in relation to one of these three statutorily specified pension sources. Retirement and Social Security Law § 363-c entitles firefighters who are “[p]hysically or mentally incapacitated for performance of duty” to a disability pension (Retirement and Social Security Law § 363-c [b] [1]).
 

 In addition, members of the State pension system are also entitled to a “supplemental allowance” representing a percentage of the base pension otherwise provided by the Retirement and Social Security Law (Retirement and Social Security Law § 378). Significantly, these supplemental allowances are not independent pensions. Instead, the supplements are wholly contingent upon payment of a base pension amount and computed accordingly.
 

 We conclude from the statutory scheme that the supplemental allowance should reduce the City’s obligation. Here, Farber’s supplemental allowance derives from his Retirement and Social Security Law § 363-c disability pension. The phrase “amounts received” in General Municipal Law § 207-a includes, and expressly refers to, Retirement and Social Security Law § 363-c disability pensions. Insofar as section 378 benefits are funded from the same source — the State pension system — and exist only in relation to Farber’s section 363-c benefits, they are subject to General Municipal Law § 207-a. Retirement and Social Security Law § 378 benefits are triggered upon payment of a statutory pension and are therefore a portion of Farber’s total pension “amounts received” for purposes of General Municipal Law § 207-a.
 

 Additionally, the Legislature clearly intended Retirement and Social Security Law § 378 to provide a cost of living adjustment to State retirement system pensioners
 
 (see
 
 Bill Jacket, L 1998, ch 390, at 4).
 
 [2]
 
 As we noted in
 
 Mashnouk
 
 (55 NY2d at 83,
 
 supra),
 
 municipalities are responsible for payment of an active firefighter’s salary, including all salary increases. This automatic pay adjustment obviates the need for a distinct and additional supplemental allowance to compensate for cost of living adjustments already included in the municipality’s payment of “regular salary or wages.” Moreover, the Legislature amended General Municipal Law § 207-a in order to lighten some of the municipality’s burden regarding pension payments.
 

 
 *481
 
 As we stated in
 
 Mashnouk
 
 (55 NY2d at 87,
 
 supra),
 
 “[t]he relevant memoranda submitted to the Legislature in connection with the amendment indicate that the primary aim of the new statute was to shift a large portion of the financial burden generated by disabled fire fighters from the municipal payrolls to the appropriate retirement system or pension fund.” Denying offset here would “inequitably deprive [] [the municipality] of considering the value of other benefits received”
 
 (Harzinski v Village of Endicott,
 
 83 AD2d 305, 309 [1981],
 
 mod on other grounds
 
 57 NY2d 614 [1982]). Indeed, not permitting the City to deduct the supplemental allowance would mean that a disabled firefighter’s benefits might exceed an active firefighter’s salary — a result contrary to underlying legislative intent. Thus, we conclude that the City may take into account the section 378 supplemental allowance, as a portion of the retired disabled firefighter’s total “amounts received,” in calculating its obligation under General Municipal Law § 207-a.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the petition dismissed, the City’s counterclaim reinstated and the matter remitted to Supreme Court for further proceedings on the counterclaim.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed, etc.
 

 [1]
 

 . Farber, and the courts below, erroneously indicated that the source of the supplemental allowance was Retirement and Social Security Law § 78 rather than section 378. Whereas section 78 applies generally to all other members of the New York State Retirement System, section 378 applies specifically to retired members of the police and fire departments.
 

 [2]
 

 . Effective July 11, 2000, the Legislature enacted an automatic cost of living adjustment. Retirement and Social Security Law § 378-a applies to “all 0 disability pensioners regardless of age who have been retired for five years.” (§ 378-a [a] [iii].) This new provision is the subject of
 
 Matter of Wise v Jennings
 
 (290 AD2d 702,
 
 lv denied
 
 97 NY2d 612 [2002]).