■ In the Matter of MICHAEL BOBBY et al., Respondents, v CITY OF NIAGARA FALLS, Appellant. [774 NYS2d 899]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered October 8, 2002 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition with respect to petitioners Michael Bobby, Patrick Brown, Sr., Richard Montanari, John R. Noone, Sr., Robert Rougeaux, Joseph Scalzo, and David Trane.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding contending that they were entitled to receive from respondent the difference between the amount received pursuant to their disability pensions and the amount of their regular salary and wages (see General Municipal Law § 207-a [2]). Supreme Court dismissed the petition with respect to petitioners Robert Dixon and Teddy Kudela and no appeal has been taken therefrom. Thus, all further references to petitioners herein shall be to the remaining petitioners. Each petitioner was formerly a firefighter employed by respondent, and each has been retired for a period of time due to a "performance of duty" disability. In anticipation of receiving a disability retirement, each petitioner, prior to his removal from the payroll, switched his pension election from a pension program with a maximum retirement age of 62 to one with a maximum retirement age of 70. The court properly determined that, pursuant to General Municipal Law § 207-a (2), the municipality was obligated to continue to pay the amounts sought in the petition herein until the "mandatory service retirement age" applicable to each petitioner.

It is uncontroverted that the mandatory retirement age is determined by the plan in which a firefighter is enrolled at the time he or she is removed from the payroll, and it is also uncontroverted that there is no legal impediment to a firefighter changing his or her pension election to the program chosen by each firefighter herein. Respondent contends, however, that each petitioner thereby acted in contravention of public policy. We reject that contention.

Prior to the amendment of General Municipal Law § 207-a (2), paid firefighters who were disabled in the course of duty were to be paid their entire salaries, including any salary increases given to active firefighters, until the disability ceased or, if the disability did not cease, for the remainder of their lives. As the Court of Appeals wrote in *Matter of Mashnouk v Miles* (55 NY2d 80, 84-85 [1982]), "[t]he excessive cost of carrying disabled firemen on the public payroll at full salary, sometimes for life, often prevented local municipalities from employing an adequate force of able-bodied fire fighters. Moreover, the former statute . . . provided no incentive to an injured fire fighter to accept the lesser amounts paid under the disability retirement provisions, and the municipality was without power to involuntarily retire a fireman even though he was permanently disabled." With the amendment of General Municipal Law § 207-a (2), municipalities are authorized to apply for a disability pension on behalf of a firefighter and, if that pension

is granted, the firefighter is paid the difference between the pension and the full amount of regular salary or wages the firefighter would have received had he or she not retired until the applicable mandatory retirement age. The legislative history of the amendment to section 207-a "indicate[s] that the primary aim of the new statute was to shift a large portion of the financial burden generated by disabled fire fighters from the municipal payrolls to the appropriate retirement system or pension fund . . . Aside from partially shifting the *source* of the payments made to disabled fire fighters, there is no indication that the Legislature also intended to reduce the *amount* of such payments" (*id*. at 87).

Retirement and Social Security Law § 384-d (a) provides in relevant part that any member of the retirement system who is an officer of an organized fire department may "elect to contribute to the retirement system pursuant to this section within one year after he becomes such an officer or a member," and subdivision (b) of section 384-d provides in relevant part that "[a]ny member who files such an election pursuant to this section may withdraw it after it has been filed for at least a year." A firefighter may elect the retirement plan specified in Retirement and Social Security Law § 375-i, in which case the firefighter may not retire until he or she attains the age of 55 and must retire by the age of 70 (*see* § 370 [b]). Each petitioner properly changed his election pursuant to Retirement and Social Security Law § 384-d (b) and, in fact, petitioners had received payments pursuant to General Municipal Law § 207-a (2) for between 5 and 15 years before respondent abruptly discontinued the supplemental payments. Because petitioners acted in accordance with the statutory scheme set forth herein, it cannot be said that they acted in contravention of public policy in selecting a retirement package that they perceived as being the most advantageous to each of them. Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.