■ In the Matter of THOMAS J. WHITTED et al., Appellants, v CITY OF NEWBURGH, Respondent. [886 NYS2d 207]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the City of

Newburgh to pay longevity salary increments to the petitioners/ plaintiffs pursuant to General Municipal Law § 207-a (2) retroactive to May 16, 2001, and action for a judgment declaring that the City of Newburgh must include longevity salary increments in payments it is obligated to make to its firefighters pursuant to General Municipal Law § 207-a (2), the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Orange County (Owen, J.), dated June 26, 2008, which, upon an order of the same court dated March 12, 2008, granting the separate motions of the City of Newburgh for summary judgment dismissing, as time-barred, the petition/complaint insofar as asserted by the petitioner/plaintiff Thomas J. Whitted, the petitioners/ plaintiffs Steven Briggs, William H. Rinker, and Robert Root, and the petitioners/plaintiffs Kenneth Rose, Richard Itzla, Joseph Roy, Philip Howard, Scott MacRae, and John Tucker, respectively, and denying the cross motion of the petitioners/ plaintiffs for summary judgment, in effect, on the first cause of action declaring that the City of Newburgh must include longevity salary increments in payments it is obligated to make to its firefighters pursuant to General Municipal Law § 207-a (2), is in favor of the City of Newburgh and against them dismissing the petition/complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof in favor of the City of Newburgh and against the petitioners/plaintiffs Kenneth Rose, Richard Itzla, Joseph Roy, Philip Howard, Scott MacRae, and John Tucker dismissing the petition insofar as asserted by them and substituting therefor a provision granting the petition insofar as asserted by those petitioners/plaintiffs to the extent of directing the City of Newburgh to pay them longevity salary increments pursuant to General Municipal Law § 207-a (2) retroactive to May 16, 2001; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion of the City of Newburgh which was for summary judgment dismissing, as time-barred, the second cause of action insofar as asserted by the petitioners/plaintiffs Kenneth Rose, Richard Itzla, Joseph Roy, Philip Howard, Scott MacRae, and John Tucker is denied, and the order dated March 12, 2008, is modified accordingly.

The petitioners/plaintiffs (hereinafter the petitioners) are retired firefighters of the City of Newburgh who became disabled as a result of injuries sustained in the performance of their duties and, consequently, have been receiving their "regular salary or wages" pursuant to General Municipal Law § 207-a (2). Pursuant to the contract between the City and its firefight-

ers' union, active firefighters would be entitled to longevity increases in their pay. Relying upon our decisions in *Matter of Schade v Town of Wallkill* (235 AD2d 542 [1997]) and *Matter of Aitken v City of Mount Vernon* (200 AD2d 667 [1994]), the petitioners commenced this hybrid proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the City to include those longevity increases in the payments they receive pursuant to General Municipal Law § 207-a (2), and action for a judgment declaring that the City is obligated to include these increments in payments it makes pursuant to General Municipal Law § 207-a (2).

On its motions for summary judgment, the City asserted that the claims of certain of the petitioners were untimely, and that even those claims that were timely were without merit. "A proceeding in the nature of mandamus to compel must be commenced within fourth months after the refusal by the body or officer, upon the demand of the aggrieved party, to perform a duty enjoined upon the body or officer by law" (*Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 64 AD3d 723, 725 [2009]; *see* CPLR 217 [1]). The City established, without dispute, that the petitioners William H. Rinker, Robert Root, and Steven Briggs delayed approximately 10 years before commencing this proceeding and action (hereinafter this proceeding) after a demand for longevity increases was made on their behalf and refused by the City in 1997; the City further established that the petitioner Thomas J. Whitted, although not a grievant in 1997, demanded longevity payments as early as 1999. The Supreme Court, therefore, properly dismissed their cause of action asserted pursuant to CPLR article 78 in this proceeding, which was first interposed in 2007, on the ground that it was barred by the applicable four-month limitations period (*see* CPLR 217 [1]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold*, 64 AD3d 723 [2009]; *Matter of Civil Serv. Empls. Assn. v Board of Educ., Patchogue-Medford Union Free School Dist.*, 239 AD2d 415, 416 [1997]; *Matter of Devens v Gokey*, 12 AD2d 135 [1961], *affd* 10 NY2d 898 [1961]). The cause of action asserted pursuant to CPLR article 78 by Kenneth Rose, Richard Itzla, Joseph Roy, Philip Howard, Scott MacRae, and John Tucker (hereinafter the remaining petitioners), however, was interposed within four months after the City rejected their demands for payment and, therefore, that cause of action is not time-barred.

Turning to the merits of the cause of action asserted by the remaining petitioners pursuant to CPLR article 78, General Municipal Law § 207-a entitles firefighters who are disabled in

the performance of their duties to, among other benefits, the continued payment of the full amount of the firefighter's regular salary or wages until the disability has ceased (*see* General Municipal Law § 207-a [1]). However, the statute permits the municipality to discontinue such payments with respect to a permanently disabled firefighter when that firefighter "is granted an accidental disability retirement allowance pursuant to section three hundred sixty-three of the retirement and social security law, a retirement for disability incurred in performance of duty allowance pursuant to section three hundred sixty-three-c of the retirement and social security law or similar accidental disability pension provided by the pension fund of which he [or she] is a member" (General Municipal Law § 207-a [2]). In that case, however, the retired firefighter "shall continue to receive from the municipality or fire district by which he [or she] is employed, until such time as he [or she] shall have attained the mandatory service retirement age applicable to him [or her] or shall have attained the age or performed the period of service specified by applicable law for the termination of his [or her] service, the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages" (*id.*).

"[T]he phrase 'regular salary or wages' . . . as employed in subdivision 2 of section 207-a of the General Municipal Law, includes prospective salary increase given to active fire fighters subsequent to the award of an accidental disability retirement allowance or pension" (*Matter of Mashnouk v Miles*, 55 NY2d 80, 88 [1982]). Contrary to the City's argument, we have unambiguously held that firefighters who are receiving benefits pursuant to General Municipal Law § 207-a (2) are entitled to the benefit of longevity increases provided by contract to active firefighters (*see Matter of Aitken v City of Mount Vernon*, 200 AD2d 667 [1994]). The City has presented no argument that would cause us to reconsider that decision. Since the remaining petitioners thus established their clear legal rights to the relief sought, and the City has a recognized ministerial duty to make the requested payments to the remaining petitioners, the Supreme Court should have granted the petition insofar as asserted by the remaining petitioners.

The City's contention regarding the petitioners' claim to an award of an attorney's fee was not addressed by the Supreme Court and, therefore, is not properly before us on this appeal.

"CPLR article 78 proceedings are summary in nature (*see* CPLR 409 [b]; *Matter of Lakeshore Nursing Home v Axelrod*, 181 AD2d 333, 340 [1992]) and, thus, a motion for summary

judgment addressed to the merits of the petition is unnecessary" (*Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1006 [2009]). Accordingly, on the petitioners' cross motion for summary judgment, the Supreme Court, in effect, only addressed the first cause of action seeking declaratory relief. With respect to that cause of action, however, since the legal issue in dispute here is limited to whether the City's obligation to include longevity salary increments in payments made pursuant to General Municipal Law § 207-a (2) is one enjoined upon it by law, that issue is subject to review only pursuant to CPLR article 78 (*see* CPLR 7803 [1]; *Matter of Schade v Town of Wallkill*, 235 AD2d at 543), thus rendering unnecessary the cause of action for a judgment declaring that the City is obligated to include such increments in those payments (*see Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d at 1007; *Matter of Kogel v Zoning Bd. of Appeals of Town of Huntington*, 58 AD3d 630 [2009]). Consequently, the first cause of action was properly dismissed. Spolzino, J.P., Miller, Angiolillo and Dickerson, JJ., concur.