*213 OPINION OF THE COURT
Lawrence H. Ecker, J.
The decision and order of the court is as follows:
Ordered, adjudged and decreed that the petition is denied and the proceeding dismissed.
Petitioners are retired firefighters for the respondent City of Newburgh who are receiving disability benefits for line-of-duty injuries pursuant to Retirement and Social Security Law § 363-c. Pursuant to General Municipal Law § 207-a (2), City of New-burgh is obligated to pay them the difference between such benefits and their “regular salary or wages,” i.e., the salary and wages being paid active firefighters.
On January 14, 2011, City of Newburgh entered into a new collective bargaining agreement (hereinafter CBA) with active firefighters. Pursuant to article IX, firefighters accepted a 5% salary reduction for the period from January 14, 2011 to June 30, 2013. The reduction was applicable to all “bargaining unit members,” except as otherwise “required by law.”
By letter dated January 21, 2011, City of Newburgh notified petitioners that the benefits being paid them under General Municipal Law § 207-a (2) would be reduced accordingly.
Petitioners commenced this proceeding to prevent any decrease in their payments. They argue that they are not “bargaining unit members” within the meaning of the CBA, and that, in any event, they have a vested interest in the higher salaries that cannot be divested without an allegation of misconduct and a due process hearing. Thus, they assert, City of Newburgh’s decision to reduce their payments is arbitrary, capricious and contrary to law, and must be annulled.
In opposition to the petition, Richard Zuckerman, counsel for City of Newburgh, and part of its negotiating team for the CBA at issue, notes that retired firefighters are given the benefit of any salary increases given active firefighters. Therefore, he argues, they are subject to any reductions. Zuckerman asserts that, although he could not disclose the negotiations resulting in the CBA, which were confidential, he could state that the inclusion of the phrase “[ejxcept as required by law” was a deliberate and intentional choice.
In reply, petitioners argue that they must be treated as a special class to avoid unfairness, to wit: they were not parties to the CBA and were not represented in the negotiations. Thus, they assert, any reduction of salary pursuant to the same would *214 be a denial of due process. Further, they note, although active firefighters are subject to the same salary reductions, the CBA allows them to recoup the loss if they retire by a certain date. Active firefighters are also entitled to hold outside employment and are eligible for overtime; whereas petitioners would lose their benefits if they obtained outside employment. Thus, petitioners argue, if disabled firefighters are not treated as a special class, the door is open for active firefighters and municipalities to “throw them under the proverbial bus.” In fact, they assert, this is not the first time that City of New-burgh has attempted to deny them benefits. Previously, City of Newburgh tried to deny them longevity pay increases, and relented only after a successful lawsuit and a motion for contempt. Petitioners argue that they have a vested right to the salary they were receiving when they became disabled, plus any subsequent increases, and that they cannot be made to suffer any decrease unless expressly authorized by the legislature.
Petitioner William Rinker avers that, as of fall of 2010, he still believed he was an active member of the firefighters’ union, and still paid dues. However, by letter dated December 21, 2010, Edward Diller, president of the union, informed him that he had no right to vote on the CBA because the “bargaining unit” did not include former members who were retired and receiving disability payments.
In further support of their petition, petitioners each submit an affidavit attesting to their injuries and circumstances.
Analysis
General Municipal Law § 207-a (1) mandates payment of the full amount of “regular salary or wages” to a firefighter who is injured in the performance of his or her duties or taken ill as a result of the performance of the same. Payments continue until the disability ceases, the disabled firefighter is granted a disability retirement, or the firefighter either performs, or refuses to perform, light-duty work. (Matter of Poughkeepsie Professional Firefighters’ Assn., Local 596, IAFF, AFL-CIO-CLC v New York State Pub. Empl. Relations Bd., 6 NY3d 514 [2006].) The phrase “regular salary or wages” has been construed to include prospective salary increases given to active firefighters subsequent to the award of an accidental disability retirement allowance or pension. Thus, the amount of regular salary or wages is calculated based on the current salary of an active firefighter at the same grade the pensioner held upon retirement. *215 (Matter of Farber v City of Utica, 97 NY2d 476 [2002]; Matter of Mashnouk v Miles, 55 NY2d 80 [1982].)
General Municipal Law § 207-a is a remedial statute enacted for the benefit of firefighters and should be liberally construed in their favor. (Farber v City of Utica; Mashnouk v Miles.) The right to receive General Municipal Law § 207-a benefits is a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated. (Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686 [2000].)
Where, as here, a disabled firefighter is receiving benefits under section 363 or 363-c of the Retirement and Social Security Law, the municipality is liable only for the difference between such benefits and the firefighter’s regular salary or wages. (General Municipal Law § 207-a [2].) This affects only the source, not the amount, of the payments. (Mashnouk v Miles.)
Here, the parties have not cited, and research has not revealed, any case or other authority which has addressed or decided the exact issue presented, to wit: whether the phrase “regular salary or wages” includes salary decreases given to active firefighters subsequent to the award of an accidental disability retirement allowance or pension. Petitioners cite Gresis v Fairview Fire Dist. (15 Misc 3d 209 [Sup Ct, Westchester County 2007]). However, that case is not directly on point and is factually distinguishable.
In Gresis, petitioner was a permanently disabled retired fire captain receiving benefits pursuant to General Municipal Law § 207-a (2). When he retired, the CBA in effect set a captain’s base salary at 35% over a first-grade firefighter’s salary. Thereafter, the respondent fire district reclassified all captains, with the exception of petitioner, as deputy chiefs. A new CBA was then finalized which, in effect, set a captain’s salary at approximately 20% above a first-grade firefighter’s salary, and a deputy chiefs salary at approximately 35% above. Consequently, petitioner’s General Municipal Law § 207-a (2) benefits were effectively reduced. Further, petitioner was not credited with the salary increases due to deputy chiefs, further reducing his benefits. Petitioner argued that the reclassification, in reality, was a demotion in violation of General Municipal Law § 207-a (2), and was arbitrary and capricious, and effected without a hearing in violation of due process of law. The Gresis court disagreed that there was a need for a due process hearing, but agreed that *216 the reclassification was, in effect, a demotion in violation of General Municipal Law § 207-a (2).
Here, City of Newburgh has not acted to demote or otherwise reclassify petitioners. Further, unlike the action in Gresis, which appears to have affected only the petitioner therein, the action at issue is not alleged to be discriminatory in intent or effect. Rather, the salary decrease is applicable to all active firefighters. Otherwise, petitioners have proffered no persuasive argument why they should not be subject to the same salary decrease as active firefighters. This is especially true given that they benefit from any subsequent increases. Indeed, allowing the decrease will assure that a disabled firefighter’s regular salary or wages is calculated based on the current salary or wages of an active firefighter at the same grade the disabled firefighter held upon retirement. The Court of Appeals has held that allowing a disabled firefighter’s benefits to exceed an active firefighter’s salary or wages is contrary to underlying legislative intent. (Farber v City of Utica at 481; see also Matter of Wise v Jennings, 290 AD2d 702 [3d Dept 2002].) Finally, the court does not find the issue of whether or not petitioners Eire “bargaining unit members” within the meaning of the CBA to be controlling. Regardless, the salary of petitioners is set based upon the ssdary of active firefighters in the same grade.
In sum, the petition is denied and the proceeding dismissed.