In the Matter of THOMAS J. WHITTED et al., Appellants, v CITY OF NEWBURGH, Respondent. [5 NYS3d 510]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the City of Newburgh to pay the petitioners' supplemental disability benefits pursuant to General Municipal Law § 207-a, at the level in effect immediately preceding January 14, 2011, the petitioners appeal from a judgment of the Supreme Court, Orange County (Ecker, J.), dated January 4, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners are retired firefighters of the City of Newburgh who became disabled as a result of injuries they sustained in the performance of their duties. They receive performance-of-duty disability retirement allowances from the New York State Retirement System pursuant to Retirement and Social Security Law § 363-c, as well as supplemental benefits from the City in the amount of the "difference between the amounts received under [their] allowance[s] . . . and the amount of [their] regular salary or wages" pursuant to General Municipal Law § 207-a (2). On or about January 10, 2011, the City entered into a new contract with its firefighters' union pursuant to which the salaries paid to active firefighters were temporarily decreased from the levels set forth in the previous contract by 5% for the period from January 14, 2011, through June 30, 2013, and by 3% for the period from July 1, 2013, through December 31, 2013. On January 21, 2011, the City notified the petitioners that the supplemental benefits they received pursuant to General Municipal Law § 207-a (2) would be reduced in accordance with the new contract. The petitioners commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the City to pay supplemental benefits at the level that was in effect before the commencement of the new contract.

General Municipal Law § 207-a guarantees a firefighter who

is disabled in the performance of his or her duties entitlement to, among other benefits, the continued payment by his or her municipal employer of the "full amount of his [or her] regular salary or wages until [the] disability . . . has ceased" (General Municipal Law § 207-a [1]). If, however, a permanently disabled firefighter is granted an accidental disability retirement allowance pursuant to Retirement and Social Security Law § 363, a performance of duty disability retirement allowance pursuant to Retirement and Social Security Law § 363-c, or a "similar accidental disability pension provided by the pension fund of which he [or she] is a member," the municipality is obligated to pay only "the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages" (General Municipal Law § 207-a [2]).

"[T]he amount of a pensioner's regular salary or wages" under subdivision (2) of section 207-a "is calculated based on the current salary of an active firefighter at the same grade the pensioner held upon retirement" (*Matter of Farber v City of Utica*, 97 NY2d 476, 479 [2002]). Thus, the term "regular salary or wages" as employed in General Municipal Law § 207-a (2) includes salary increases given to active firefighters following the award of the disability retirement allowance or pension (*see Matter of Mashnouk v Miles*, 55 NY2d 80, 88 [1982]), as well as the benefit of longevity pay increases provided to active firefighters (*see Matter of Whitted v City of Newburgh*, 65 AD3d 1365, 1368 [2009]; *Matter of Aitken v City of Mount Vernon*, 200 AD2d 667, 668 [1994]). We agree with the Supreme Court that "regular salary or wages" also includes salary decreases applied to active firefighters following the disability retirement allowance or pension award (*see Matter of Farber v City of Utica*, 97 NY2d at 481). Accordingly, the petitioners failed to establish a "clear legal right" to the relief sought (*Matter of Solano v City of Mount Vernon*, 49 AD3d 762, 764 [2008]).

The petitioners' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.