Matter of Borelli v City of Yonkers (2020 NY Slip Op 05744)





Matter of Borelli v City of Yonkers


2020 NY Slip Op 05744


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-04562
2017-09778
 (Index No. 2302/16)

[*1]In the Matter of John Borelli, et al., appellants,
v
City of Yonkers, respondent.


Archer, Byington, Glennon & Levine, LLP, Melville, NY (Richard S. Corenthal of counsel), for appellants.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Shannon E. Kane of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, City of Yonkers, dated April 5, 2016, made after due process hearings, which, inter alia, excluded from the supplemental benefits paid to the petitioners pursuant to General Municipal Law § 207-a(2) certain compensation paid to active firefighters for night differential, check-in pay, and holiday pay, the petitioners appeal from (1) a judgment of the Supreme Court, Westchester County (Helen Blackwood, J.), dated March 10, 2017, and (2) a decision of the same court dated August 1, 2017. The judgment, insofar as appealed from, denied that branch of the petition which was to annul so much of the respondent's determination as excluded from the supplemental benefits paid to the petitioners pursuant to General Municipal Law § 207-a(2) certain compensation paid to active firefighters for night differential, check-in pay, and holiday pay.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Const. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent, City of Yonkers.
Since at least 1995, the City of Yonkers has included certain sums paid to active firefighters for night differential, check-in pay, and holiday pay in calculating the "regular salary and wages" that must be paid to retired disabled firefighters and fire officers entitled to receive General Municipal Law § 207-a(2) benefits. By letters dated December 9, 2015, the City advised the petitioners, retired disabled firefighters and fire officers receiving such benefits, that it had determined to exclude from the supplemental benefits paid to them pursuant to General Municipal Law § 207-a(2) certain compensation paid to active firefighters for night differential, check-in pay, and holiday pay. After the petitioners were afforded due process hearings, the hearing officers issued reports concluding that the City's determination had a rational basis and was not arbitrary and capricious, and recommending that it be upheld. By a final determination dated April 5, 2016, the City concurred with the hearing officers' recommendations and issued notices to all retired disabled [*2]firefighters and fire officers of its intention, inter alia, to adjust their General Municipal Law § 207-a(2) benefits accordingly.
By the filing of a petition dated June 30, 2016, the petitioners commenced this proceeding pursuant to CPLR article 78 against the City to review and annul, inter alia, so much of the determination as excluded the sums paid to active firefighters for night differential, check-in pay, and holiday pay from their prospective disability benefit payments, claiming entitlement to those amounts pursuant to the express language of General Municipal Law § 207-a(2). In a judgment dated March 10, 2017, the Supreme Court, inter alia, denied that branch of the petition. The petitioners appeal from so much of the judgment as denied that branch of their petition which was to annul so much of the determination as excluded compensation for night differential, check-in pay, and holiday pay from their prospective General Municipal Law § 207-a(2) benefit payments. We affirm.
"General Municipal Law § 207-a guarantees a firefighter who is disabled in the performance of his or her duties entitlement to, among other benefits, the continued payment by his or her municipal employer of the 'full amount of his [or her] regular salary or wages until [the] disability . . . has ceased'" (Matter of Whitted v City of Newburgh, 126 AD3d 910, 910-911, quoting General Municipal Law § 207-a[1]). "If, however, a permanently disabled firefighter is granted an accidental disability retirement allowance pursuant to Retirement and Social Security Law § 363, a performance of duty disability retirement allowance pursuant to Retirement and Social Security Law § 363-c, or a 'similar accidental disability pension provided by the pension fund of which he [or she] is a member,' the municipality is obligated to pay only 'the difference between the amounts received under such allowance or pension and the amount of his [or her] regular salary or wages'" (Matter of Whitted v City of Newburgh, 126 AD3d at 911, quoting General Municipal Law § 207-a[2]).
Disability entitlements are generally a matter of statutory right (see Benson v County of Nassau, 137 AD2d 642, 643), and recipients of General Municipal Law § 207-a(2) benefits cannot claim additional employment entitlements beyond the "regular salary or wages" provided for in the statute absent an agreement of the parties (see Matter of Chalachan v City of Binghamton, 55 NY2d 989, 990; Matter of McKay v Village of Endicott, 161 AD3d 1340, 1341-1342).
The amount of a disabled firefighter's regular salary or wages under General Municipal Law § 207-a(2) "is calculated based on the current salary of an active firefighter at the same grade the pensioner held upon retirement" (Matter of Farber v City of Utica, 97 NY2d 476, 479; see Matter of Whitted v City of Newburgh, 126 AD3d at 911). The statutory term "regular salary or wages" has been interpreted by various courts as ordinarily being limited to a firefighter's "annual" or "base" salary plus prospective salary increases (see Matter of Farber v City of Utica, 97 NY2d at 479; Matter of Mashnouk v Miles, 55 NY2d 80, 88) or decreases (see Matter of Whitted v City of Newburgh, 126 AD3d at 911), and longevity increments (see Matter of Whitted v City of Newburgh, 65 AD3d 1365, 1368; Matter of Wise v Jennings, 290 AD2d 702, 703; Matter of Aitken v City of Mount Vernon, 200 AD2d 667, 668), but excluding unused vacation time and sick time accruing during disability (see Matter of Chalachan v City of Binghamton, 55 NY2d at 990; Phaneuf v City of Plattsburgh, 84 Misc 2d 70 [Sup Ct, Clinton County], affd 50 AD2d 614), holiday pay (see Matter of Carpenter v City of Troy, 192 AD2d 920, 921), and certain shift differential payments (see Benson v County of Nassau, 137 AD2d at 644).
In view of the foregoing authority, we agree with the Supreme Court that the petitioners did not sustain their burden of establishing their entitlement to compensation for night differential, check-in pay, and holiday pay as part of their disability benefits under the language of General Municipal Law § 207-a(2). Accordingly, we agree with the Supreme Court's determination to deny that branch of the petition which was to annul so much of the determination as excluded compensation to the petitioners for night differential, check-in pay, and holiday pay under the terms of that statute.
However, parties may agree in a collective bargaining agreement to include such [*3]additional amounts in the regular salary or wages payable to disabled firefighters pursuant to General Municipal Law § 207-a. As we have observed in the related appeal in Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO (__ AD3d ___ [decided herewith]), the distinct claim by the labor union representing active City of Yonkers firefighters that the City's unilateral decision to exclude these items of compensation from General Municipal Law § 207-a(2) disability benefits violated the parties' applicable collective bargaining agreement and past practices is a matter properly addressed to arbitration. Accordingly, we express no opinion regarding whether and to what extent the petitioners' disability benefits may be affected by the ultimate resolution of that arbitration.
The petitioners' remaining contentions are without merit.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court